**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


**FRANK G. COLUCCI,**

       **Plaintiff,**

**v.**                                                                                                **Case No. 8:04-cv-956-T-TBM**

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,**

       **Defendant.**

                                   **/**


# **O R D E R**

THIS MATTER is before the court on Plaintiff's **Application for Attorney Fees**

**Under the Equal Access to Justice Act** (Doc. 24). Plaintiff indicates that the Commissioner

does not oppose the motion. See id. Upon consideration of Plaintiff's motion and supporting

affidavits, the court awards Plaintiff $4,292.40 in attorney's fees. This amount is to be paid

pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412(d).


I.

Plaintiff filed an application for Social Security disability benefits, which was denied

initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff

benefits, and the Appeals Council affirmed the ALJ's decision. Subsequently, the Plaintiff

filed this action seeking judicial review. On July 13, 2005, this court entered Judgment (Doc.

23) reversing the Commissioner's decision and remanding the case for further proceedings.

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  Three conditions must be established before an award under the EAJA is appropriate.  First, the claimant must file a timely application for fees.  This requires the fee application to be filed within thirty days of the final judgment.  Second, the claimant must qualify as the prevailing party.  Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust.  Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A).  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993).  Because this court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under Schaefer, is the prevailing party.  Here, the motion for fees was filed within thirty days of final judgment.  Furthermore, upon consideration, the government's position was not substantially justified in this case, and the Commissioner does not contend otherwise.  Therefore, an award of fees under EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate.  Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate.").  Here, Plaintiff seeks a total fee of

$4,432.56 based on 28.0 hours worked in 2004 at a rate of $151.62 per hour and $1.2 hours worked in 2005 at a rate of $156.00.  Plaintiff argues that these hourly rates reflect cost of living increases from the 1996 EAJA amendments to the time the work was performed on the instant motion, as reflected by the Consumer Price Index (hereinafter "CPI") for those years.[1]

Upon consideration, the court finds that increases in the cost of living justify enhancement of the $125.00 hourly rate established by the EAJA.  Previously, this court found $138.00 to be the prevailing market rate during the relevant time frame.  See George v. Massanari, Case No. 8:00-cv-369-T-TBM (M.D. Fla. June 22, 2001).  The relevant time frame in that case was the year 2000-2001.  In this case, counsel suggests that an hourly rate of $151.62 is now appropriate for work done in 2004 and a rate of $156.00 is appropriate for work performed in 2005 based on increases in the CPI since 1996 when the EAJA was amended.  However, determining the prevailing market rate for work of this type during the relevant time period is not so easily determined.  In this court's experience in handling hundreds of Social Security appeals, fee applications under the EAJA for work performed in 2004 and 2005 typically seek hourly rates ranging from $125.00 to in excess of $150.00 per hour.  Very competent counsel performing this type legal work routinely seek only $125.00 per hour for their services.  While others may find their services under the EAJA to be more valuable, competent counsel are available to provide these services at an hourly rate less than that which the Plaintiff here seeks.  The availability of qualified attorneys at the lower hourly rate militates against a higher fee.  On the other hand, Social Security counsel perform a valuable service to often needy individuals in dire circumstances.  Recognizing that there has

---

[1]Attached to Plaintiff's memorandum is a chart of the CPI from January 1986 through May 2005.  See (Doc. 24 at 8).

been some increase in the cost of living since the court last increased the hourly rate it grants

in these cases, and given its discretion in these matters, the court now finds that an hourly rate

of $147.00 is the fair and appropriate rate for work performed before this court in Social

Security disability cases from June 2003 forward.

Accordingly, it is **ORDERED** that Plaintiff's **Application for Attorney Fees**

**Under the Equal Access to Justice Act** (Doc. 24) is **GRANTED** to the extent set forth

herein.  Plaintiff's counsel is awarded attorney's fees in the amount of $4,292.40.

**Done and Ordered** at Tampa, Florida, this 26th day of October 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

4